# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BIRDELL BOURDON,

    Plaintiff,

v.                                                            CIV 01-1158 WJ/LCS

OFFICE OF THE GOVERNOR
IN THE TRIBAL COUNCIL
OF THE PUEBLO OF SANTA CLARA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Complaint (Docket No. 5).[1]

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff *pro se* filed a Complaint in this Court on October 5, 2001 objecting to actions taken by the Santa Clara Pueblo Governor, the members of the Santa Clara Pueblo Council, and the Santa Clara Police Department.[2] Plaintiff alleges that the Council Members harassed her, and

---

[1] Defendants filed their Motion to Dismiss on October 5, 2001. Plaintiff has not responded to the motion. Pursuant to Rule 7.6 of the Local Civil Rules for the United States District Court, District of New Mexico, Plaintiff was required to file a response within fourteen (14) days of being served with the motion. Because Plaintiff is acting pro se, the Court will not treat her failure to file a response as consent to grant the motion under Rule 7.5. In any event, the nature of the Complaint in light of existing law indicates that Plaintiff could offer no argument in opposition to Defendants' Motion to Dismiss that could persuade the Court that it has jurisdiction over this case.

[2] The caption of the Complaint lists the Office of the Governor as the only Defendant. However, the body of the Complaint lists defendants as "Denny Gutierrez, et al." Defendants made note of this in their Motion to Dismiss, theorized that Plaintiff may intend that the Tribal

that she was escorted from a council meeting by police on September 7, 2001. She further alleges that the Council, in reassigning land on which she apparently resides, violated her rights and has subjected her to possible expulsion from the Santa Clara Pueblo. From the Complaint and attachments thereto,[3] it appears that the property in question was assigned to Felix Sisneros, deceased. Complaint ¶ A.2. On September 7, 2001, the Tribal Council heard a dispute regarding the property in question. Complaint ¶ A.2; See also Tribal Council Memorandum Decision. The Tribal Council noted that the assigned property belonged to the Late Marie Askan. See Tribal Council Memorandum Decision. Plaintiff is the daughter of Marie Askan, a member of the Santa Clara Pueblo, and Andy Askan, a member of the Navajo Nation. See Plaintiff's Birth Certificate. On September 18, 2001, the Tribal Council made a final decision assigning the property to Merton Sisneros but recommending that Merton Sisneros allow Plaintiff the use of the property

---

Council and others are included as Defendants in this action, and filed their motion on behalf of "all such Defendants." The Court, from the Complaint, surmises that Plaintiff may intend to include the Tribal Council and the Santa Clara Police Department as Defendants in addition to the Governor.

[3]Plaintiff attached six documents to her Complaint in support of her factual allegations. The first document is a letter to Plaintiff from Defendant Governor Denny Gutierrez dated August 24, 2001. The second is titled "In the Tribal Council of Pueblo of Santa Clara," and announces the Tribal Council's decision regarding a property dispute (hereinafter Tribal Council Memorandum Decision). The third document is a copy of Plaintiff's birth certificate. The fourth document is a Memorandum of Agreement between the Indian Health Service, the Santa Clara Indian Tribe, and Plaintiff (hereinafter IHS Agreement). The fifth document is a letter from the Department of Health and Human Services to then Governor Calvin Tafoya (hereinafter DHHS letter). The last document is a Project Summary showing the estimated cost of connecting a water supply to the "home of Birdell Bourdon on the Santa Clara Indian Reservation." The Court refers to and considers these documents in deciding this Motion to Dismiss. It appears to the Court that these documents are part of and inseparable from the Complaint. However, to the extent these documents may be considered matters outside of the pleadings, the Court recognizes that this decision will be construed as a decision on a Motion for Summary Judgment in accordance with Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 56.

and that he be as equitable as possible with her and others using the property. See Tribal Council Memorandum Decision.

Plaintiff states that the property is private property, and that it was assigned to her by the owner. Complaint ¶ B.1  She states that an agreement was entered into in 1989 that was documented in her and her children's names. Id.  She states that this agreement was from the Indian Health Services and the Santa Clara Pueblo and was binding.  The IHS Agreement shows that the IHS entered into an agreement with the Santa Clara Indian Tribe, acting through the Governor and Plaintiff (who is referred to as the "participant"), to improve the water supply and waste disposal facilities for Plaintiff's house.  Plaintiff believes that the actions of the Santa Clara Tribal Council and the Governor in assigning the property to Merton Sisneros are unlawful and that she and her family face expulsion from Santa Clara Pueblo.

**DISCUSSION**

Plaintiff's Complaint alleges the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.  These statutes require that a Defendant be acting under color of state law.  Defendants maintain that this Court lacks subject matter jurisdiction because the Defendants are immune from suit under the common law doctrine of sovereign immunity. Defendants also assert that this Court lacks subject matter jurisdiction, or, alternatively, Plaintiff fails to state a claim upon which relief may be granted because Defendants are tribal officials who acted under tribal law and, therefore, no state action was involved.  Finally, Defendants argue that the Complaint must be dismissed because Plaintiff failed to exhaust her tribal remedies.

I.      SOVEREIGN IMMUNITY AND SUBJECT MATTER JURISDICTION

Indian tribes possess the common-law immunity from suit traditionally enjoyed by

sovereign powers. Santa Clara Pueblo v Martinez, 436 U.S. 49, 58 (1978). Congress has plenary power to limit or control tribal sovereign immunity. However, if Congress intends to limit or abrogate tribal sovereign immunity, it must do so unequivocally. Id.; E.F.W. v St. Stephen's Indian High School, 264 F.3d 1297, 1304 (10th Cir. 2001). Neither 42 U.S.C. § 1983 nor 28 U.S.C. § 1343, under which Plaintiff alleges jurisdiction, contains anything that may be construed as Congressional intent to waive tribal sovereign immunity. Likewise, even if Plaintiff's claims are assumed to be based on violations of the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301 through 1303, the ICRA does not waive tribal sovereign immunity from civil suit except to the extent it authorizes a petitioner to file a writ of habeas corpus to contest unlawful detention by a tribal entity. Martinez, 436 U.S. at 58; 25 U.S.C. § 1303. Therefore, to the extent Plaintiff alleges claims against Santa Clara Pueblo or its officials in their official capacities, Plaintiff's claims must be dismissed based on tribal sovereign immunity.

Tribal officials sued in their personal capacities do not enjoy the protection of a tribe's sovereign immunity. Martinez, 436 U.S. at 59. Because Plaintiff filed her suit pro se, this Court will assume for the sake of argument that she may have intended to sue tribal officials in their personal capacities. However, the law that may be underlying Plaintiff's Complaint does not authorize suit in federal court.

A claim filed under Section 1983 must be based on a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations of federal or state authority." Martinez, 436 U.S. at 56 (citing Talton v Mayes, 163 U.S. 376 (1896)). The

4

constitutional provisions that have been found to be inapplicable to tribes include the Bill of Rights and the Fourteenth Amendment.  Martinez, 436 U.S. at 56.  Therefore, Plaintiff's Complaint cannot be read as alleging a deprivation of rights, privileges, or immunities secured by these constitutional provisions.  The ICRA does provide that "No Indian tribe in exercising powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law . . . ."  25 U.S.C. § 1302.  However, the ICRA does not authorize a cause of action such as Plaintiff's.  Martinez, 436 U.S. at 72.

Because Plaintiff's suit against the tribe and its officials sued in their official capacity is barred by the doctrine of sovereign immunity and a suit against officials in their individual capacity is not authorized by statute, Plaintiff's Complaint must be dismissed with prejudice based on this Court's lack of subject matter jurisdiction.

## II.  ACTION UNDER COLOR OF STATE LAW

42 U.S.C. Section 1983 authorizes suits against persons who, while acting under color of state law, deprive a citizen of rights.  "The only proper defendants in a Section 1983 claim are those who represent the state in some capacity."  E.F.W., 264 F.3d at 1305.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id.

Similar to the complaint in E.F.W., the factual allegations in Plaintiff's Complaint reveal that the Defendants are alleged to have acted under authority of tribal law.  Actions taken by tribal officials under the authority of tribal law are clearly not actions taken under color of state law.  Id.

Plaintiff, then, has failed to state a claim upon which relief can be granted, and her Complaint must be dismissed with prejudice.

III. CONCLUSION

Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim upon which relief can be granted. Because the Court reaches this conclusion, it need not address whether Defendants are entitled to a dismissal of Plaintiff's claims based on her alleged failure to exhaust tribal remedies.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED with prejudice in its entirety.

_____
UNITED STATES DISTRICT JUDGE